UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CALHOUN,

       Plaintiff,

v.

CORIZON HEALTH, INC., et al.,

       Defendants.
_____/

CASE No. 1:20-CV-697

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment and dismiss this case. (ECF No. 59). For this reason, the Magistrate Judge denied as moot Plaintiff's Motion to Compel (ECF No. 56) because Plaintiff's requests did not seek information that was material to the reasoning in the Report and Recommendation. (ECF No. 60). Plaintiff has filed objections both as to the Report and Recommendation (ECF No. 65) and to the Magistrate Judge's subsequent order. (ECF No. 67). For the reasons set out below, the Court agrees with the Magistrate Judge's approach on both motions.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Court has reviewed Magistrate Judge Berens' Report and Recommendation in this matter (ECF No. 59) and Plaintiff's Objection to it. (ECF No. 65). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection.  After its review, the Court finds that Magistrate Judge Berens' Report and Recommendation is factually sound and legally correct.

The Court is satisfied on de novo review that the Magistrate Judge properly concluded the defendants are entitled to summary judgment.  Constitutional deliberate indifference requires more than simply showing that a plaintiff suffered medical problems—even painful ones—such as the afflictions plaintiff describes here.  There must be a sufficient showing to meet both the objective and subjective prongs of the Eighth Amendment test.  And here, for the reasons detailed by the Magistrate Judge, the plaintiff cannot do so.  As Plaintiff's objections make clear, he simply disagrees with the approach Corizon took that required he first attend physical therapy instead of the treatment path that Plaintiff subjectively preferred.  This is not an Eighth Amendment violation.  The Court agrees that Defendants are entitled to summary judgment for the very reasons articulated by the Magistrate Judge.

**MOTION TO COMPEL**

Finally, Plaintiff objects to the Magistrate Judge's order denying as moot his motion to compel.  In considering an objection to a magistrate judge's ruling on a non-dispositive pre-trial motion, such as the motion to compel, the Court applies a "clearly erroneous or contrary to law"

2

standard of review.  *United States v. Curtis*, 237 F.3d 598, 503 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 674 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (providing that a district judge must consider timely objections to non-dispositive pre-trial orders of a magistrate judge and modify or set aside any part of the order that is clearly erroneous or is contrary to law).  A finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds no error.  To the contrary, the Court finds the Magistrate Judge's decision denying the motion to compel as moot is entirely correct.  As the Magistrate Judge observed, the information Plaintiff sought in the motion does not bear on the Magistrate Judge's analysis in resolving the Defendants' motion for summary judgment against Plaintiff.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 59) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 42) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Order of the Magistrate Judge (ECF No. 60) is **AFFIRMED.**  Plaintiff's Objection (ECF No. 67) is **OVERRULED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**

Dated:   November 30, 2021             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE

4