UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN #379175,

    Plaintiff,                                            Hon. Robert J. Jonker

v.                                                             Case No. 1:20-cv-697

CORIZON HEALTH INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently before me is Plaintiff's Motion for Extension of Time to File a Notice of Appeal. (ECF No. 80.) For the reasons that follow, I recommend that the motion be **DENIED**.

On November 30, 2021, the Court entered an order approving and adopting the November 1, 2021 Report and Recommendation (ECF No. 59), recommending that Defendants' motion for summary judgment be granted. (ECF No. 71.) A separate judgment was entered the same date. (ECF No. 72.) On December 28, 2021, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).[1] (ECF No. 73.) The Court denied the motion on January 4, 2022. (ECF No. 75.) On February 1, 2022, Plaintiff filed a motion to

---

[1] A motion to alter or amend judgment must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Pursuant to Fed. R. Civ. P. 6(d), when a party must act within a specified time after being served by mail, three days are added after the period would otherwise expire. Thus, Plaintiff had until December 31, 2021 to file a Rule 59(e) motion. Because the envelope containing the motion was postmarked December 29, 2021, Plaintiff's motion was timely under the mailbox rule. *See Aldridge v. Gill*, 24 F. App'x 428, 429 (6th Cir. 2001) (citing *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995)).

reconsider the January 4, 2022 Order.[2] (ECF No. 77.) The Court denied the second motion on February 15, 2022. (ECF No. 79.)

Pursuant to Fed. R. App. P. 4(a)(1), a party who seeks to appeal an adverse judgment must file a notice of appeal "with the district court clerk within 30 days after entry of the judgment." Rule 4(a)(4)(A) delays the time for filing a notice of appeal in the event a party timely files one of the listed post-judgment motions. When a time-tolling motion is filed, the time for filing a notice of appeal runs "from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). Here, Plaintiff filed two such motions. Plaintiff's first motion tolled the 30-day appeal period for the November 30, 2011 Judgment to February 7, 2022.[3] Plaintiff's second motion, which was directed at the January 4, 2022 Order and filed beyond the time for seeking reconsideration of the November 30, 2022 judgment, did not further toll the appeal period for the original judgment. *Reed v. Toledo Area Affirmative Action Program*, 715 F.2d 253, 254 (6th Cir. 1983) (citing *Dixie Sand & Gravel Co. v. TVA*, 631 F.2d 73 (5th Cir. 1980)). However, it tolled the time for appealing the January 4, 2020 Order to March 21, 2022. The period for appealing the February 15, 2022 Order expired the same day. Plaintiff signed his present motion on March 4, 2022.

Pursuant to Fed. R. App. P. 4(a)(5)(A), a court has discretion to extend the time to file a notice of appeal if the appellant moves for the extension no later than 30 days after the time prescribed in Rule 4(a) expires and shows either excusable neglect or good cause. Fed. R. App.

---

[2] This motion was also timely under the mailbox rule.

[3] The 30-day period began to run on January 5, 2020, and concluded on February 4, 2022. Because three days are added for service by mail, the deadline was extended to February 7, 2022. Fed. R. App. P. 26(c).

2

P. 4(a)(5)(A). *See also Rogalski v. Pramstaller*, No. 1:07-cv-946, 2009 WL 1788597, at *3 (W.D. Mich. June 23, 2009). To show "good cause," a party must demonstrate that forces beyond his control prevented him from filing a timely notice of appeal. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Excusable neglect, on the other hand, applies in circumstances involving fault or mistakes, and entails consideration of the factors set forth in in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *See Jackson v. Chandler*, 463 F. App'x 511, 513–14 (6th Cir. 2012).

Plaintiff filed his present motion within 30 days after the time for appealing the original judgment expired and before the appeal period for the January 4, 2022 and February 15, 2022 Orders expired. Thus, his motion for an extension of time is timely. However, the entire substance of Plaintiff's motion is: "Plaintiff asks this Court to extend his time to file a notice of appeal with regard to the above captioned case." (ECF No. 80 at PageID.648.) Obviously, Plaintiff does not mention, let alone provide a factual basis for, good cause or excusable neglect. The rule requires Plaintiff to demonstrate at least one of these things. Filing a notice of appeal is a "modest task," which entails the completion of a simple form. *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006). Plaintiff offers no factual basis for a finding of good cause or excusable neglect, and the Court may not invent one for him. Thus, Plaintiff fails to make the required showing for an extension of time.

The remaining question is whether Plaintiff's motion—which was filed before the appeal period for the January 4 and February 15 Orders expired—can be construed as a notice of appeal. A notice must do three things: (1) specify the party or parties taking the appeal; (2) designate the judgment or appealable order the appellant seeks to appeal; and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c). These requirements address fairness

and "due process concerns by 'ensur[ing] that the filing provides sufficient notice to other parties and the courts." *United States v. Glover*, 242 F.3d 333, 336 (6th Cir. 2001) (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)). Courts do not require strict technical compliance with the rule. A notice "technically at variance with the letter of" the rule will be allowed, so long as it amounts to "the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988).

Although the Sixth Circuit has afforded leeway to the other requirements, it has steadfastly refused to relax the requirement that the would-be appellant designate the judgment or appealable order being appealed. In *Glover*, the government sought to appeal the restitution portion of the district court's judgment. The notice of appeal failed to designate the judgment or order the government sought to appeal. The court rejected the government's request to excuse its compliance with this requirement, explaining that "[u]nlike the decision *where* to appeal, the decision *what* to appeal is left almost exclusively to the discretion of the appellant." 242 F.3d at 336–37. The court noted that, by the time a case reaches final judgment, there may be numerous appealable issues that might be appealed, and loosening this requirement would frequently obligate the court to "sort through a morass of objective and subjective factors to meditate upon and divine the party's intended appellate targets." *Id.* at 337. This result "would nudge th[e] Court across the line of construing the Rules liberally and into the inappropriate realm of amendment by judicial fiat." *Id.* at 336. The Sixth Circuit adhered to this view in a subsequent civil case in which the motion for an extension of time requested an extension "to file any Notice of Appeal." *Isert*, 461 F.3d at 757–58. In spite of the plaintiffs' contention that there was no genuine doubt about the judgment they were appealing, the court noted that their appeal could have pertained to "considerably more" than one judgment. *Id.* at 761. More

4

recently, in an unreported case, the court observed categorically that "[t]here is no exception to the rule that the notice of appeal must designate 'the judgment, order, or part thereof being appealed.'" *Schramm v. LaHood*, 318 F. App'x 337, 343 (6th Cir. 2009).

Here, Plaintiff did not designate in his motion the judgment or order he seeks to appeal, and there is more than one possibility in this case. Based on the brief case history set forth above, Plaintiff might have sought to appeal the original judgment, the January 4 Order, or the February 15 Order. Because Plaintiff failed to comply with this essential requirement, his motion cannot be construed as a notice of appeal.

Accordingly, I recommend that Plaintiff's motion (ECF No. 80) be **denied**.

Dated: March 29, 2022                                       /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).